**Date Signed:**
**December 19, 2017**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JUDITH LYNN GIBBS,<br><br>            Debtor. | Case No. 11-03070<br>Chapter 7<br><br>Related Dkt. No.: 47 |

### ORDER DENYING MOTION TO SEAL SETTLEMENT AGREEMENT AND REDACT RELATED INFORMATION

The bankruptcy estate includes claims that Bank of America, N.A. ("BANA"), improperly foreclosed a mortgage made by the debtor, Judith Lynn Gibbs. The trustee and BANA have negotiated a settlement of the claims. They jointly ask the court to file under seal their settlement agreement and to permit the trustee to redact the settlement amount from any other filing in which it might otherwise appear. The Office of the U.S. Trustee opposes the motion, arguing that section 107 of the Bankruptcy Code does not authorize such relief.

Section 107(a) provides that papers filed in bankruptcy cases "are public

records and open to examination by an entity at reasonable times without charge."[1]

But section 107(b)(1) requires the bankruptcy court to "protect an entity with respect to a trade secret or confidential research, development, or commercial information."[2] Section 107 "displaces the common law right of access in the bankruptcy context."[3]

BANA and the trustee offer two reasons why they think this information should be sealed. First, they say that "[i]t is a material term of the Settlement Agreement that the specific terms of the Settlement Agreement remain confidential."[4] But section 107 does not permit the court to seal a document just because the parties to it agree that the court should do so. "The 'commercial information' exception is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake."[5]

Second, BANA and the trustee argue that "BANA has a commercial interest in

---

[1] 11 U.S.C. § 107(a).

[2] 11 U.S.C. § 107(b)(2) and (c) permit or require protective orders in other situations which are not present here.

[3] *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 430 (9th Cir. 2011). Therefore, the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), are inapplicable. *Roman Catholic Archbishop*, 661 F.3d at 430. BANA and the trustee's failure to cite the *Roman Catholic Archbishop* case, the only published Ninth Circuit authority construing section 107, is inexplicable.

[4] Dkt. 46 at 6.

[5] *In re Motors Liquidation Co.*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016) (holding that section 107 did not require sealing a corporate ownership statement filed under Fed. R. Bankr. P. 7007.1) (*citing In re Dreier LLP*, 485 B.R. 821, 822–23 (Bankr. S.D.N.Y. 2013)).

U.S. Bankruptcy Court - Hawaii   #11-03070   Dkt # 51   Filed 12/19/17   Page 2 of 5

keeping the terms of the settlement–specifically sensitive financial information such as the settlement payment–confidential."[6] In their reply memorandum, BANA and the trustee further explain that, "[i]f made public, the terms of the settlement agreement would cause an unfair advantage to BANA's competitors in regard to BANA's settlement strategy and its assessment and scope of its legal risks, especially in light of the large number of matters involving nearly identical allegations pending in Hawaii . . . ."[7]

The Code does not define "confidential commercial information." Other courts have observed that, "[a]lthough the information need not rise to the level of a 'trade secret,' the information must be 'so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors.'"[8] Crucially, the information must be beneficial to a competitor if disclosed. For example, information about the settlement of a tort claim against the debtor is not "confidential commercial information" merely because the information might benefit

---

[6] Dkt. 46 at 7.

[7] Dkt. 49 at 4.

[8] *In re Motors Liquidation Co.*, 561 B.R. at 43 (*quoting In re Borders*, 462 B.R. 42, 47–48 (Bankr. S.D.N.Y. 2011), and *In re Barney's, Inc.*, 201 B.R. 703, 708–09 (Bankr. S.D.N.Y. 1996)); *see also In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) ("Commercial information is information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'") (holding that section 107 did not require sealing a debtor's settlements with tort claimants).

3

U.S. Bankruptcy Court - Hawaii   #11-03070   Dkt # 51   Filed 12/19/17   Page 3 of 5

other tort claimants.[9]

The filings make clear that BANA is not really concerned about its competitors. Rather, it worries that, if the settlement amount in this case is disclosed, other parties claiming that BANA engaged in wrongful foreclosure conduct will demand similar amounts. This does not amount to "confidential commercial information" within the meaning of section 107. Protecting a party's negotiating leverage in litigation with other parties

> is a wan excuse for impinging on the public's right of access to judicial documents. There is no discernible public interest, or interest of the bankruptcy estates, in preserving [the settling defendant's] "leverage" as against other parties who have sued it. Nor has the movant indicated any authority to support its implicit proposition that protecting the bargaining position of the defendant in other, unrelated cases, is even a proper consideration of a court being asked to approve a settlement in a given case.[10]

Finally, it is firmly established that "[e]vidence—not just argument—is required to support the extraordinary remedy of sealing."[11] BANA and the trustee offer not a shred of evidence in support of their motion. Lawyers' statements in memoranda are

---

[9] *In re Alterra Healthcare Corp.*, 353 B.R. 66, 76 (Bankr. D. Del. 2006) ("The Reorganized Debtor argues that if the unsettled claimants are privy to the settlement amounts, the claimants will use this information as leverage to force higher settlements in their respective cases. An unfair advantage to a tort claimant (creditor) of a debtor, however, does not create an unfair advantage to its market competitors.")

[10] *Geltzer v. Andersen Worldwide, S.C.*, No. 05 CIV. 3339 (GEL), 2007 WL 273526, at *4 (S.D.N.Y. Jan. 30, 2007).

[11] S *In re Motors Liquidation Co.*, 561 B.R. at 43, *citing In re Dreier LLP*, 485 B.R. at 823.

4

U.S. Bankruptcy Court - Hawaii   #11-03070   Dkt # 51   Filed 12/19/17   Page 4 of 5

no substitute for evidence.

## IV. CONCLUSION

THEREFORE, the motion is DENIED.

**END OF ORDER**

5